CASE No. 1136.

STATE, *EX RELATIONE* RICHLAND COUNTY, v. COLUMBIA.

1. The writ of prohibition not being one of the writs specified in Article IV., § 4, of the constitution, the Supreme Court has original jurisdiction in prohibition, only when that writ is to be directed to one of the courts of the State

for the purpose of enabling the Supreme Court to exercise a supervisory control over the court to which directed.

2. Hence, the Supreme Court has no jurisdiction of an original application for a writ of prohibition to restrain a municipal corporation from issuing licenses.

Original application for writ of prohibition.

This application was in the name of the State on the relation of Richland county against the City Council of Columbia, heard December 19th, 1881.

*Mr. J. R. Abney,* for relator.

*Mr. F. W. McMaster,* contra.

January 16th, 1882. The opinion of the court was delivered by

McIVER, A. J. In this case the relator invokes the original jurisdiction of this court for the purpose of obtaining a writ of prohibition to restrain the city council of Columbia from issuing certain licenses for the sale of spirituous liquors.

The question which confronts us at the outset is whether this court has the power to issue the writ prayed for. The powers of this court are derived from the constitution, and the only portion of that instrument which could be supposed to confer the power in question is Section 4 of Article IV., which reads as follows: "The Supreme Court shall have appellate jurisdiction only in cases of chancery, and shall constitute a court for the correction of errors at law, under such regulations as the General Assembly may by law prescribe; *provided,* the said court shall always have power to issue writs of injunction, *mandamus, quo warranto, habeas corpus,* and such other original and remedial writs as may be necessary to give it a general supervisory control over all other courts in this State." It will thus. be seen that this court has power to issue certain *specified* writs in *any* case where such a remedy may be appropriate, (*Wallace* v. *Hayne and Mackey,* 8 *S. C.* 374,) and that it also has power to issue such other original and remedial writs as may be necessary to give

it a general supervisory control over all other *courts* in the State. Accordingly it has been held that when this court is asked to issue a writ which is not among those *specifically* named in the above cited section of the constitution, it must be made to appear that the writ is asked for to enable this court to exercise some supervisory control over some one of the *courts* of this State, as this court has no power to issue such a writ except to some one of the *courts* of this State for the purpose above indicated.

In the case of *Ex parte Carson*, 5 *S. C.* 117, an application was addressed to the Supreme Court, in the exercise of its original jurisdiction, "for a writ of *certiorari* [which is not one of the writs specifically named in that section of the constitution] to the board of commissioners of elections of the city of Charleston, to remove into that court the plaint and record, together with the testimony taken by them, in a certain case in which an election for mayor and aldermen of the city of Charleston had been contested." The application was refused upon the ground that this court had no power to issue a writ of *certiorari*, except to some one of the *courts* of the State, in which, by the constitution, the judicial power of the State had been vested, and the board of commissioners of elections was not a *court*. In that case, Moses, C. J., in delivering the opinion of the court, after stating that the authority of the Supreme Court to issue the writs *specifically* named in the section of the constitution above quoted is not limited, either as to subject-matter or as to the persons or bodies to whom they are to be addressed, uses this language: "This unrestrained right, as to the writs specified, does not attach to 'other original writs,' in which that now sought is included. The very qualification which is annexed shows that the power is restricted, and that a more limited jurisdiction was intended."

In *Ex parte Childs*, 12 *S. C.* 117, it is said that: "The jurisdiction of this court is defined in Section 4, Article IV. of the constitution, and, as there defined, it embraces four distinct classes of powers: 1. Appellate jurisdiction in 'cases of chancery.' 2. The correction of errors at law under such regulations as the General Assembly may prescribe. 3. The power to issue certain specified writs. 4. The power to issue such other original and remedial writs as may be necessary to give it a general super-

visory control over all other courts in the State;" and after showing that the fourth class of powers conferred are not general and absolute, but can only be exercised in such cases where they may be necessary to give this court some supervisory control over some one of the *courts* of this State, holds that, whenever this court is asked to issue one of the writs not specifically mentioned in the above-cited section of the constitution, it is necessary to make it appear: 1. That the writ is to go to one of the *courts* of this State.    2. That such writ is demanded for the purpose of enabling this court to exercise some supervisory control over the *court* to which the writ is to be directed.

In the case now under consideration, the application, as we have seen, is for a writ of prohibition, which is not one of the writs *specifically* named in the clause of the constitution above referred to, but falls under the general denomination of other original and remedial writs embraced in the fourth class of powers above stated.    Hence, the first inquiry is whether the writ asked for is to go to one of the *courts* of this State; and, 2d. Whether such writ is demanded for the purpose of enabling this court to exercise some supervisory control over the *court* to which it is to be directed.

The body to which the writ is to be directed is the body in which the municipal authority of the city of Columbia is vested, called in the act incorporating said city "The mayor and aldermen of the city of Columbia," and the questions are: Whether that body is such a court as is contemplated by the constitution, and, if so, whether the writ is demanded for the purpose of enabling this court to exercise some supervisory control over such body acting in its judicial capacity?    For if the writ is demanded for the purpose of controlling or supervising the action of the municipal authorities when acting otherwise than in their *judicial* capacity, it could not properly be said that the writ was issued for the purpose of enabling this court to exercise a supervisory control over one of the *courts* of this State.

The mayor and aldermen are invested with various powers by the charter of the city—legislative, executive, judicial and administrative—but they certainly cannot be regarded as one of the courts of this State except when acting in a judicial capacity,

and this court, therefore, has no power to issue a writ of prohibition for the purpose of supervising or controlling their action, unless such action be taken in their judicial capacity. Here the application is to restrain them from issuing certain licenses for the sale of spirituous liquors, and as that is an act which they would not perform as a *court*, we have no power to issue the writ asked for.

Inasmuch, therefore, as we have no *original* jurisdiction of the matter, we do not propose to consider the merits of the application, regarding it as improper for us to prejudge the questions which should, in the first instance, be determined by a tribunal having original jurisdiction.

The judgment of this court is that the petition be dismissed.

SIMPSON, C. J., and McGOWAN, A. J., concurred.